GREG ALLEN CONSTRUCTION COM-
PANY, INC., and Greg Allen, Appel-
lant (Plaintiff below),

v.

Daniel L. ESTELLE and Sondra E.
Estelle, Appellees (Defendants
below).

No. 54S01–0207–CV–400.

Supreme Court of Indiana.

Nov. 5, 2003.

James E. Ayers, Wernle, Ristine & Ay-
ers, Crawfordsville, IN, Max Goodwin,
Mann Law Firm, Terre Haute, IN, S.

Bryan Donaldson, Crawfordsville, IN, Attorneys for Appellant.

William W. Gooden, Pastore & Gooden, P.C., Indianapolis, IN, Attorney for Amicus Curiae Indiana Builders Association, Inc.

Todd H. Belanger, Jennifer D. McNair, Wood Tuohy Gleason Mercer & Herrin, Indianapolis, IN, Harry A. Siamas, Collier Homann & Siamas, Crawfordsville, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

A corporation breached its contract with private homeowners by performing substandard work on renovations. The trial court granted breach of contract damages against the corporation, but not against the corporation's president, who did most of the work. The Court of Appeals held that the corporation's president was individually liable for the negligent work. We granted transfer and now affirm the trial court.

**Facts & Procedural History**

Daniel and Sondra Estelle contracted with Greg Allen Construction, Inc. for renovations to the Estelles' home in Ladoga, Indiana. Greg Allen, president, shareholder, and employee of Allen Construction, signed the contract in his representative capacity. Allen did all the electrical, plumbing and carpentry work, and supervised the other facets of the project.

Over the course of renovations, the Estelles questioned the quality of work being performed. Eventually, the two parties deadlocked on the issue of payment for the substandard work, and suit was filed. The Estelles alleged that both Allen Construction and Greg Allen breached the contract and were negligent.

Because he was acting as president and employee of Allen Construction, the trial court found that Allen was not individually liable to the Estelles. The Court of Appeals disagreed, holding that because Allen participated in and supervised the negligent acts, he was personally liable in tort. *Greg Allen Constr. Co. v. Estelle*, 762 N.E.2d 760 (Ind.Ct.App.2002).

Chief Judge Brook dissented, saying that because the Estelles suffered only economic loss, their remedy lied exclusively in contract:

> The theory of negligence protects interests related to safety or freedom from physical harm, including not only personal injuries, but also damage caused by defective personal property.... [W]here there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of value ... or the cost of repairing it, the courts have adhered to the rule ... that purely *economic interests* are not entitled to protection against mere negligence, and so have denied recovery.

*Greg Allen Constr. Co.*, 762 N.E.2d at 784 (Brook, C.J., dissenting) (citation omitted) (emphasis in original).

**Discussion**

The Estelles and Allen Construction entered into a contract under which Allen Construction would provide home renovations. The claimed wrong is Allen Construction's failure to satisfy its part of the agreement—a quintessential contract claim. The Estelles' complaint says:

> Defendant Company has breached its contract with Plaintiffs in the following respects:
>
> a) Defendant failed or refused to complete the work on schedule as agreed.
>
> b) Defendant's materials and workmanship are of poor quality and Plaintiffs will be forced to hire another contractor to redo Defendant's negligent and poor quality work.

c) Defendant's work does not meet construction code requirements nor does it meet normal construction industry standards in many respects and necessary code permits have not been secured.

. . . .

... Plaintiffs have suffered damages and will suffer damages in an amount which cannot be determined at this time but include unnecessary interest charges on their construction loan, the cost of repair and completion of the work, the cost of redoing Defendants' faulty work, and attorney fees and costs.

(R. at 10.)

■ The whole of the alleged wrong, deficient home improvements, centered on the performance required by the contract created by Allen Construction and the Estelles. Any duty Allen had to perform his individual duties flowed solely from this contract.

Whatever negligence is attributed to Allen was performed in the course of his duties as an employee of the corporation. Under the traditional respondeat superior doctrine, if Allen is liable in negligence to the Estelles, then so is his principal, the corporation. See e.g., Hess v. Lowrey, 122 Ind. 225, 23 N.E. 156 (1890); Plumlee v. Monroe Guar. Ins. Co., 655 N.E.2d 350 (Ind.Ct.App.1995). That result would convert most breach of contract claims into negligence claims.

This is not a new issue. Because a tort may produce more generous damages and open the door to the possibility of punitive damages, there is obvious incentive to seek to frame a contract breach as a negligence claim. See, e.g., Prosser and Keeton on the Law of Torts § 92 (W. Page Keeton, Dan B. Dobbs, Robert E. Keeton & David G. Owen, eds., 5th Ed.1984) at p. 658, (observing the "more or less inevitable efforts of lawyers to turn every breach of contract into a tort.") Plaintiffs here have

pleaded a separate tort claim, but the issue is not whether they have adequately pleaded a negligence claim.

The basic theory underlying the distinction between contract and tort is that tort liability is imposed by law and that contract liability is the product of an agreement of the parties. But only the principal, who is a party to the contract, has agreed to perform the obligations of the agreement. To impose "the same" liability on the agent is to make the agent the promisor when the parties had arranged their affairs to put the principal, and only the principal, on the line.

A defendant's exposure to tort liability is best framed in terms of what the defendant did. The proper formulation of the reason Allen is not liable here is that his negligence consisted solely of his actions within the scope of his authority in negligently carrying out a contractual obligation of the corporation as his employer. Nothing he did, and therefore nothing the corporation did, constituted an independent tort if there were no contract. Under those circumstances the Estelles should be remitted to their contract claim against the principal, and they should not be permitted to expand that breach of contract into a tort claim against either the principal or its agents by claiming negligence as the basis of the breach.

■ To the extent that a plaintiff's interests have been invaded beyond mere failure to fulfill contractual obligations, a tort remedy should be available. If so, damage to person or property or to economic interests may be recoverable. But here there is no claim of injury that the law would protect if there were no contract. Without a contract, the Estelles would have no other claim for any structure negligently or otherwise constructed, and they do not assert any harm to their

persons, no harm to any other property and any invasion of any other protectible interest.

■ To be sure, a number of authorities have expressed the point in terms of "economic loss." [1] Section 357 of the Second Restatement of Agency provides that "[a]n agent who intentionally or negligently fails to perform duties to his principal is not thereby liable to a person whose economic interests are thereby harmed." This follows the more general rule of Section 352 that "[a]n agent is not liable for harm to a person other than his principal because of his failure adequately to perform his duties to his principal, unless physical harm results from reliance upon performance of the duties by the agent, or unless the agent has taken control of land or other tangible things." Illustration two under Section 352 is this case:

> P, who has agreed to build a house for T, employs A to build it. A is careless in the construction of the house, so that the house does not conform to the contract. A is not thereby liable to T for the failure to construct the house in accordance with the contract.

Together, these Restatement sections lead to the conclusion that an agent is not liable for economic loss to anyone except his principal. *See also McAdams v. Dorothy Edwards Realtors, Inc.,* 604 N.E.2d 607, 612 (Ind.1992) (quoting *Wilson v. Haimbaugh,* 482 N.E.2d 486, 487 (Ind.Ct.App. 1985)) (agent who negligently fails to perform duties owed to her principal is not liable to a person whose economic interests are thereby harmed); *Krawczyk v. Bank of Sun Prairie,* 203 Wis.2d 556, 553 N.W.2d 299, 303 (Wis.Ct.App.1996) (negligent agent not liable for economic losses he has caused to persons other than his

principal); *Sound of Market Street v. Continental Bank Intern.,* 819 F.2d 384, 391 (3rd Cir.1987) (agent not liable for economic harm to a person other than its principal because of its negligent failure to adequately perform its duties, although it is liable if physical harm resulted from reliance on the agent's performance).

Nevertheless, phrasing this issue in terms of nonliability for "economic loss" overstates the point somewhat. In certain statutory settings, an agent may be liable for torts committed by the agent within the scope of his employment. *See State Civil Rights Comm'n v. County Line Park,* 738 N.E.2d 1044, 1050 (Ind.2000). And there are some common law fields, for example product disparagement by negligent communication of a known false statement, in which a wrong may inflict only "economic loss" but may nevertheless be tortious. *See Restatement (Second) of Torts* § 630, cmt. a. Similarly, negligent misrepresentation may be actionable and inflict only economic loss. *See Restatement (Second) of Torts* § 552; *see also Eby v. York–Division, Borg–Warner,* 455 N.E.2d 623, 629 (Ind.Ct.App.1983) (negligent misrepresentation is recognized in Indiana only under section 552 of the Restatement and only in very limited employment cases). If so, the agent/servant may be individually liable. *See Restatement (Second) of Agency* § 343, cmt. b ("[a]n agent who ... defames ... another ... is not excused by the mere fact that he is acting as an agent.")

■ The issue is also sometimes framed as whether the duty arises solely from contract. *See, e.g., Grynberg v. Agri Tech, Inc.,* 985 P.2d 59, 62–63 (Colo.App.1999) ("in determining whether a cause of action

---

1. *See Choung v. Iemma,* 708 N.E.2d 7, 14 (Ind.Ct.App.1999); *Jordan v. Talaga,* 532 N.E.2d 1174, 1181 (Ind.Ct.App.1989) (both

citing W. Prosser, *Handbook on the Law of Torts,* § 101 at 665 (4th Ed.1971)).

in tort exists, a court should consider both the source of a defendant's duty to act, that is, whether such duty arises from a contract or from some other source, and the nature of the remedy sought by the plaintiff.") When the parties have, by contract, arranged their respective risks of loss, however, the tort law should not interfere. Putting the issue in terms of the source of the duties of the agent may lead to overstating the agent's non-liability, and is largely tautological.

It may be the case that the only relationship between Allen, as an individual, and the Estelles derives from the contractual relationship between the corporation and the Estelles. To be sure, Allen could be individually liable to the Estelles if he negligently burned their house down while working with a blowtorch whether this work was on the Estelles house under a contract with them, or the project was a neighbor's house and had no contractual relationship to the Estelles. The reason is that this negligence goes beyond failure to perform up to contractual standards, and constitutes a tort even if there were no contractual relationship between the Estelles and either Allen or his corporation. Moreover, describing the reason for the non-liability in this case (and liability for the fire in that hypothetical) as turning on the presence or absence of duty states the conclusion without giving a reason.

 The same result can be restated as the law's imposing a duty to avoid injury to person or property. The rule of law is that a party to a contract or its agent may be liable in tort to the other party for damages from negligence that would be actionable if there were no contract, but not otherwise. Typically, damages recoverable in tort from negligence in carrying out the contract will be for injury to person or physical damage to property, and thus "economic loss" will usually not be recoverable. But that is only the usual case, not the uniform rule.

### Conclusion

We affirm the judgment of the trial court as to Greg Allen's personal liability. In all other respects, we summarily affirm the decision of the Court of Appeals. Ind. Appellate Rule 58(A)(2).

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., concurs in result.