**James D. MASSEY and Margaret E. Massey, Appellants–Defendants,**

**v.**

**CONSECO SERVICES, L.L.C., Appellee–Plaintiff.**

No. 29A05–0610–CV–565.

Court of Appeals of Indiana.

May 15, 2008.

Henry J. Price, Ronald J. Waicukauski, Carol A. Nemeth, Price Waicukauski & Riley, LLC, Indianapolis, IN, Attorneys for Appellants.

Ryan L. Leitch, William P. Means, Riley Bennett & Egloff, LLP, Indianapolis, IN,

---

Scott A. McMillin, Stephen C. Hackney, Kirkland & Ellis LLP, Chicago, IL, Attorneys for Appellee.

## OPINION ON REHEARING

MAY, Judge.

James D. Massey has petitioned for rehearing of our opinion in *Massey v. Conseco Services, L.L.C.*, 879 N.E.2d 605 (Ind. Ct.App.2008). We grant his petition solely to address whether we erred by dismissing his counterclaim arising under federal securities law. We reaffirm our original decision.

## FACTS AND PROCEDURAL HISTORY

Conseco Services sued Massey to collect on a note. Massey raised several affirmative defenses, including fraudulent inducement. Massey also asserted counterclaims for fraud. The trial court granted summary judgment for Conseco Services on these issues, and we affirmed. *Id.* at 611–612. We discussed his fraudulent inducement defense at length and concluded the defense failed because he could not demonstrate reasonable reliance. *Id.* We then stated, "The same allegations underlie Massey's counterclaim for fraud. As his counterclaim merely restates a defense that was properly rejected on summary judgment, the trial court did not err by dismissing it." *Id.* at 612 n. 5.

## DISCUSSION AND DECISION

Massey now argues he had two fraud counterclaims—one based on state common law and one based on federal securities law. He argues we erred by dismissing his federal securities law claim because reasonable reliance is not an element of such a claim. This argument was available to Massey on appeal, but he did not raise it. The trial court also held Massey could not demonstrate reasonable reliance. (Ap-

pellant's App. at 41) ("First, Massey could not have reasonably relied upon the misrepresentations he alleges. Reasonable reliance is an essential element of both Massey's affirmative fraud claims and his fraudulent inducement defense."). Massey addressed reasonable reliance in his brief and reply brief, but never argued it was error to dismiss his federal law claim for lack of reasonable reliance.

In fact, Massey's briefs did not mention his federal law claim. He discussed the elements of common law fraud, but not securities fraud. His briefs discussed his fraud defense and counterclaims together, and he cannot now be heard to complain that we considered them together. Massey waived this issue by failing to raise it on appeal. *See Ind. State Bd. of Health Facility Administrators v. Werner*, 846 N.E.2d 669, 672 (Ind.Ct.App.2006) (issue raised for the first time on rehearing is waived), *trans. denied* 860 N.E.2d 591 (Ind.2006).

SHARPNACK, J., and BAILEY, J., concur.