**U.S. BANK, N.A., Appellant–Third–Party Plaintiff,**

v.

**INTEGRITY LAND TITLE CORP., Appellee–Third–Party Defendant.**

No. 17A03–0812–CV–577.

Court of Appeals of Indiana.

Oct. 9, 2009.

Septtimous Taylor, Owensboro, KY, Attorney for Appellant.

Bryce H. Bennett, Jr., Elizabeth C. Green, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

CRONE, Judge.

A detailed recitation of the underlying facts and procedural history appears in our original opinion, *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 907 N.E.2d 616, 618–20 (Ind.Ct.App.2009). To summarize, Integrity Land Title Corp. ("Integrity")

prepared a title commitment during the course of a real estate transaction in early 2006. The title commitment indicated that the title search, performed by Integrity's subcontractor, had uncovered no judgments against the seller. The buyer's lender, Texcorp Mortgage Bankers, Inc. ("Texcorp"), relied on the title commitment in approving a mortgage loan in the amount of $ 123,090.00. Integrity received payment for conducting the closing and the title search, as well as the premium for a mortgage insurance policy ("the Policy") issued by Southern National Title Insurance Company ("Southern National") in the amount of $123,090.00, which named Texcorp and its successors and/or assigns as the insured. Texcorp's mortgage was subsequently assigned to U.S. Bank.

The title search had failed to uncover a foreclosure judgment against the seller. In August 2006, the owner of the judgment lien initiated a foreclosure action against the buyer and Texcorp. U.S. Bank intervened and filed a third-party complaint against Integrity and Southern National. The complaint alleged that U.S. Bank's "pending loss is a direct and proximate result of negligent real estate closing and certification of title by [Southern National], through its agent [Integrity]." Appellant's App. at 79. The complaint also alleged that U.S. Bank was entitled to recover under the Policy against both Southern National and Integrity. In February 2008, the trial court enforced and foreclosed the judgment lien in the amount of $ 143,210.98 and adjudged it to be a valid first priority lien superior to U.S. Bank's mortgage.

In March 2008, U.S. Bank filed a motion for summary judgment against Southern National and Integrity. Soon thereafter, Southern National became insolvent and was liquidated. In June 2008, Integrity filed a cross-motion for summary judgment and a response to U.S. Bank's summary judgment motion. Also in June 2008, U.S. Bank filed a response to Integrity's cross-motion in which it alleged for the first time that it was entitled to recovery based on a contract that allegedly existed between Integrity and Texcorp regarding the closing and the title commitment and also as a third-party beneficiary to any contract between Integrity and Southern National regarding the performance of the title search. U.S. Bank further alleged that it was entitled to recover in tort as a third-party beneficiary.

On August 13, 2008, Integrity filed a reply memorandum in support of its cross-motion for summary judgment.[1] Therein, Integrity asserted that it was

> untimely and improper for U.S. Bank to attempt to use its Response and Objection as a *de facto* Motion for Leave to amend its Verified Third–Party Complaint and raise entirely new claims against Integrity Land. For this reason, the claims raised in U.S. Bank's Response and Objection that exceed the scope of U.S. Bank's Verified Third–Party Complaint are inappropriate for consideration when ruling on Integrity Land's Cross–Motion for Summary Judgment.

Appellee's App. at 6.

On September 2, 2008, the trial court denied U.S. Bank's summary judgment motion as to Integrity and granted the motion as to Southern National. The court also granted Integrity's summary judgment motion on the basis that Integri-

---

1. Neither party mentioned the reply memorandum in its appellate brief. The memorandum appears in Integrity's appellee's appendix, which neither party cited in its appellate brief.

ty was not a party to the Policy and therefore owed no contractual duty to U.S. Bank and that Integrity "owed no duty in tort" to U.S. Bank. Appellant's App. at 26. U.S. Bank filed a motion to correct error and a motion for relief from judgment, which the trial court denied.

In addressing U.S. Bank's appeal, we reiterated the trial court's finding that Integrity was not a party to the Policy and therefore owed no contractual duty to U.S. Bank. We noted, however, that U.S. Bank had alleged alternative contract theories in its response to Integrity's summary judgment motion, and we determined that Integrity had consented to the litigation of these theories. *See U.S. Bank*, 907 N.E.2d at 621 n. 3 ("To the extent Integrity suggests that U.S. Bank's allegation constitutes an improper amendment of its original complaint, we note that Integrity did not move to strike it and thus consented to the litigation of the issue on summary judgment"). Ultimately, we found genuine issues of material fact regarding whether a contract existed between Integrity and Texcorp and therefore reversed the trial court's grant of summary judgment in favor of Integrity on U.S. Bank's contract claim and remanded for further proceedings.[2]

We addressed U.S. Bank's tort claim as follows:

U.S. Bank asserts that the issue is one of first impression in Indiana, namely, "whether or not a title company, after issuing an incorrect title commitment in which the recipient (mortgage company) relied upon to its detriment, owes a duty to the recipient to [which] it certified clear title to the subject real property." Appellant's Br. at 13. The fact remains, however, that any liability arising from Integrity's alleged breach of this duty does not extend beyond its "mere failure to fulfill [its] contractual obligations"— whether as a party or a third party—to Texcorp/U.S. Bank. *Greg Allen Constr. Co. v. Estelle*, 798 N.E.2d 171, 173 (Ind. 2003). As such, a tort remedy is not available to U.S. Bank. *See id.* at 173 ("The basic theory underlying the distinction between contract and tort is that tort liability is imposed by law and that contract liability is the product of an agreement between the parties."); *id.* at 175 ("When the parties have, by contract, arranged their respective risks of loss, . . . the[n] tort law should not interfere."). Therefore, we conclude that the trial court did not abuse its discretion in denying U.S. Bank's motion to correct error and motion for relief from judgment as to its tort claim.

*U.S. Bank*, 907 N.E.2d at 623.

██ We issued our original opinion on June 16, 2009. On July 13, 2009, U.S. Bank filed a petition for rehearing, in which it asks that we reconsider our ruling on its tort claim. U.S. Bank asserts that our opinion "directly conflicts with previous Appellate Court rulings which hold that a professional may be liable in contract in tort for the negligent failure to perform services in a workmanlike manner." Appellant's Br. on Reh'g at 2. As Integrity points out in its response to U.S. Bank's petition, however, all the cases on which U.S. Bank relies predate our supreme court's opinion in *Greg Allen Construction*. Also, as Integrity observes, one of the cases cited by U.S. Bank specifically states that a title abstracter's duty "to use ordinary care and diligence in preparing the abstract" is based on contract. *Mayhew v. Deister*, 144 Ind.App. 111, 119, 244 N.E.2d 448, 452 (1969). We are unper-

---

**2.** Because we reversed on this ground, we did not address U.S. Bank's argument regarding its third-party contract liability theory. *U.S. Bank*, 907 N.E.2d at 623 n. 6.

suaded by U.S. Bank's attempt to distinguish *Greg Allen Construction* on a factual basis and by its unsupported assertion that Integrity assumed a fiduciary duty to Texcorp that would give rise to tort liability. We grant U.S. Bank's petition for rehearing to affirm our ruling on its tort claim and address the matters set forth below.

■ Integrity filed its response to U.S. Bank's petition for rehearing on July 31, 2009. Section A of the response is devoted to refuting the arguments raised in U.S. Bank's petition. In Section B of its response, Integrity proposes that if we grant rehearing, we should vacate our reversal of summary judgment on U.S. Bank's contract claim on the basis that Integrity "openly and strongly objected" to litigating the alternative contract theories that U.S. Bank raised for the first time in its response to Integrity's cross-motion for summary judgment. Appellee's Br. in Response to Pet. for Reh'g at 8. On August 13, 2008, Integrity asserted in its reply memorandum in support of its cross-motion for summary judgment that it was "untimely and improper for U.S. Bank to attempt to use its Response and Objection as a *de facto* Motion for Leave to amend its Verified Third–Party Complaint and raise entirely new claims against Integrity Land." Appellee's App. at 6.

■ On August 11, 2009, U.S. Bank filed a motion to strike Section B of Integrity's response on the basis that Integrity's request to reconsider our ruling on the contract claim is untimely, in that it should have been raised in a separate petition for rehearing instead of in response to U.S. Bank's petition for rehearing. *See* Ind. Appellate Rule 54(B) ("A Petition for Re-

hearing shall be filed no later than thirty (30) days after the decision."). U.S. Bank correctly observes that Indiana Appellate Rule 54(D) prohibits the filing of a reply brief on rehearing and therefore contends that it will be unfairly prejudiced unless Section B of Integrity's response brief is stricken.

■ U.S. Bank's contentions are well taken, but the interests of justice and judicial economy would be ill served if we were to turn a blind eye to Integrity's argument, the correctness of which is apparent on the face of the record.[3] There is little that U.S. Bank could say in response to Integrity's claim that it objected to U.S. Bank raising these issues on August 13, 2008, and thus any prejudice resulting from its inability to file a reply brief would be minimal at best. It is well settled that appellate courts possess the "inherent power to reconsider an order or ruling until an opinion has been certified." *Bridgestone Americas Holding, Inc. v. Mayberry*, 854 N.E.2d 355, 360 n. 4 (Ind. Ct.App.2006); *see also* Ind. Appellate Rule 66(C)(10) (stating that appellate courts may grant "appropriate relief" "with respect to some or all of the parties or issues, in whole or in part"). Consequently, we exercise our inherent authority to reconsider our original opinion and hereby vacate our reversal of summary judgment on U.S. Bank's contract claim. In other words, we affirm the trial court in all respects.[4]

ROBB, J., concurs.

MAY, J., dissents with separate opinion.

---

3. We note that Integrity could renew its claim in a petition to transfer before the Indiana Supreme Court.

4. By separate order issued contemporaneously with this opinion, we deny U.S. Bank's motion to strike Section B of Integrity's response brief.

MAY, Judge, dissenting.

Our rules do not permit Integrity to raise the *contract* argument in what it characterizes as its "response" to the *tort* argument U.S. Bank raised in its petition for rehearing. Moreover, allowing Integrity to do so in a brief in response to a petition for rehearing is unfair because it effectively deprives U.S. Bank of an opportunity to respond to the contract argument. I must therefore respectfully dissent from the grant of rehearing.

A proper petition for rehearing does not ask the court to re-examine all the questions in the record, or all the questions decided against the party filing it. *Griffin v. State*, 763 N.E.2d 450, 450–51 (Ind. 2002). Rather, claimed errors in the original decisions must be articulated with precision. *Id.* More generally, our rules require that an appellee's argument "address the contentions raised in the appellant's argument." App. R. 46(B)(2). Integrity's brief in response to U.S. Bank's petition for rehearing went outside that rule to address contract-related matters U.S. Bank had not raised.

When a general rehearing is granted, the case stands before the court as if it had never been decided. *Griffin*, 763 N.E.2d at 451. But "when rehearing is granted as to a particular point, the original opinion will be modified *as to that point only*." *Id.* (emphasis supplied). U.S. Bank did not request a "general rehearing" and it is apparent the majority has not granted one. Instead, it has modified the original opinion on a specific point never raised in the U.S. Bank petition.

This has, in effect, granted Integrity a rehearing it did not timely request. In our original decision the contract claim was decided adversely to Integrity. Integrity could have brought a timely request for a rehearing on the contract claim, but it chose not to. It instead waited to raise the contract claim in its response to U.S. Bank's request for rehearing on the tort issue only. Integrity thus first raised the contract issue outside the time limit for filing its own petition for rehearing, and should not be permitted to later raise that new issue for rehearing in its response to U.S. Bank's timely petition.

The grant of rehearing in this case is inappropriate for another, and more important, reason: it permits Integrity to make an argument to which U.S. Bank cannot respond. App. R. 54(D) explicitly prohibits reply briefs on rehearing, so U.S. Bank is left with no mechanism for responding to Integrity's argument on an issue U.S. Bank did not raise in its petition. The majority justifies this result by noting the "correctness" of Integrity's argument is "apparent." (Opinion on Reh'g at 7.) I would decline to adopt the premise that if one litigant's argument "appears correct," that is enough to deprive the other litigant of any opportunity to respond to it. I have found no authority that would permit such a result, and it is inconsistent with the essential structure of litigation to hold that if a party's initial argument appears convincing, we will not entertain the opponent's response.

There is a final reason we should decline to consider Integrity's contract argument on rehearing. The majority relies on Integrity's assertions in a reply memorandum it submitted to the trial court during summary judgment proceedings. But as the majority explicitly notes, "neither party mentioned the reply memorandum in its appellate brief. The memorandum appears in Integrity's appellee's appendix, which neither party cited in its appellate brief." (*Id.* at 3 n. 1.)

A petitioner may seek rehearing only on points raised in the original brief, *Griffin*, 763 N.E.2d 450, 451 (Ind.2002), and a re-

hearing petition is confined to those issues that were properly presented in the initial appeal and that were overlooked or improperly decided. *Holmes v. ACandS, Inc.*, 711 N.E.2d 1289, 1291 (Ind.Ct.App. 1999), *trans. denied.* Integrity's argument on the contract issue is premised on evidence that was in the record, but that it did not rely on, or even mention, in the appeal.

An issue raised for the first time on rehearing is waived, *see, e.g., Massey v. Conseco Services, L.L.C.*, 886 N.E.2d 581, 582 (Ind.Ct.App.2008), *trans. denied* 898 N.E.2d 1222 (Ind.2008), and I would apply that rule to an issue raised for the first time in *response* to a rehearing brief.

Our original opinion should stand.