**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 26 2014, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN S. MERLAU**
New Palestine, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCOTT WILLIAMS and GEOFFREY BOND, | ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 55A05-1404-SC-186 |
| APRIL BOOMER, | ) ) | |
| Appellee-Plaintiff. | ) ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane Spencer Craney, Judge
The Honorable Brian H. Williams, Magistrate
Cause No. 55D03-1306-SC-926

**November 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Scott Williams and Geoffrey Bond ("the Appellants") appeal the small claims court's entry of judgment against them on a claim filed by April Boomer. We reverse.

## Issues

The Appellants raise one issue, which we restate as whether the small claims court properly entered judgment against them in their personal capacities.

## Facts

In 2004, Boomer and her husband entered into a contract with G&S Custom Builders, LLC, ("G&S") for the construction of a home in Mooresville. Williams and Bond were the two members of G&S. The contract included a warranty against major structural defects for ten years.

In 2010, G&S was dissolved. In 2012, Boomer noticed the front porch of her home appeared to be "twisting off the foundation." Tr. p. 3. Boomer had the porch inspected by a structural engineer, who concluded there was a structural problem with it.

In June 2013, Boomer filed a small claims action against the Appellants seeking to recover the "cost to repair structural defect and resulting damage to plaintiff's home." App. p. 4. The small claims court held a hearing at which Boomer, Williams, and Bond testified. On March 20, 2014, the small claims court entered an order concluding in part:

> There is no dispute the LLC entity would be liable under the evidence presented. The Defendants Williams and Bond assert they are shielded from personal liability due to the existence of the defunct LLC. Both Defendants were active principals in the LLC. All work by the LLC was subcontracted to other construction vendors by the principals.

2

App. p. 5. Relying on <u>Greg Allen Const. Co. v. Estelle</u>, 762 N.E.2d 760, 766 (Ind. Ct. App. 2002), the small claims court went on to conclude:

> As in <u>Allen</u>, the Defendants are subject to the common law duty to perform its work in a workmanlike manner, and a conclusion that the company breached its duty necessarily constitutes a conclusion that Defendants were negligent in tort. Under this analysis the Defendants are personally liable for their company's negligent failure to do the job in a workmanlike manner to the extent that they participated in, authorized or directed negligent conduct. The Court finds they directed the conduct and are personally liable.

<u>Id.</u> at 6. The small claims court entered judgment against the Appellants personally in the amount of $6,000. The Appellants filed a motion to correct error, which the small claims court denied. They now appeal.

**Analysis**

As an initial matter, Boomer did not file an appellee's brief. In that circumstance, we do not undertake to develop arguments for her. <u>See</u> <u>Morton v. Ivacic</u>, 898 N.E.2d 1196, 1199 (Ind. 2008). Rather, we will reverse upon the Appellants' prima facie showing of reversible error. <u>See</u> <u>id.</u> Prima facie error means at first sight, on first appearance, or on the face it. <u>Id</u>

"Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility." <u>Trinity Homes, LLC v. Fang</u>, 848 N.E.2d 1065, 1067 (Ind. 2006). Our supreme court has explained that this deferential standard of review is particularly important in small claims actions, where the sole objective is dispensing speedy justice according to the rules of substantive law. <u>Id.</u> at 1067-68. However, this deferential

3

standard does not apply to the substantive rules of law, which are reviewed de novo. Id. at 1068.

In Greg Allen Construction, the Estelles contracted with Greg Allen Construction, Inc., for renovations to their home. Greg Allen, president, shareholder, and employee of Allen Construction, signed the contract in his representative capacity. He then performed work on the project and supervised other work. The Estelles began questioning the quality of work, and litigation ensued. The Estelles alleged that Allen Construction and Greg Allen breached the contract and were negligent. The trial court found that Allen was not individually liable to the Estelles because he was acting on behalf of Allen Construction. The Estelles appealed, and a panel of this court held:

> Thus, when a person contracts to perform services, failure to perform in a workmanlike manner may constitute both a breach of contract and the tort of negligence. Wilson v. Palmer, 452 N.E.2d 426, 429 (Ind. Ct. App. 1983). Accordingly, since Allen Construction was subject to the common law duty to perform its work in a workmanlike manner, the trial court's conclusion that the company breached this duty necessarily constitutes a conclusion that Allen Construction was negligent. Under the rule from State of Indiana Civil Rights Comm'n set out above, Allen could have been personally liable for his company's negligent failure to do the job in a workmanlike manner to the extent that he participated in, authorized or directed Allen Construction's negligent conduct.

Greg Allen Const. Co., 762 N.E.2d at 776.

However, our supreme court granted transfer and vacated that portion of the opinion. See Greg Allen Const. Co. v. Estelle, 798 N.E.2d 171 (Ind. 2003). Our supreme court distinguished between a breach of contract claim and a tort claim in a construction setting

4

and explained, "The whole of the alleged wrong, deficient home improvements, centered on the performance required by the contract created by Allen Construction and the Estelles. Any duty Allen had to perform his individual duties flowed solely from this contract." Id. at 173.

> The basic theory underlying the distinction between contract and tort is that tort liability is imposed by law and that contract liability is the product of an agreement of the parties. But only the principal, who is a party to the contract, has agreed to perform the obligations of the agreement. To impose "the same" liability on the agent is to make the agent the promisor when the parties had arranged their affairs to put the principal, and only the principal, on the line.
>
> A defendant's exposure to tort liability is best framed in terms of what the defendant did. The proper formulation of the reason Allen is not liable here is that his negligence consisted solely of his actions within the scope of his authority in negligently carrying out a contractual obligation of the corporation as his employer. Nothing he did, and therefore nothing the corporation did, constituted an independent tort if there were no contract. Under those circumstances the Estelles should be remitted to their contract claim against the principal, and they should not be permitted to expand that breach of contract into a tort claim against either the principal or its agents by claiming negligence as the basis of the breach.

Id. The court concluded, "The rule of law is that a party to a contract or its agent may be liable in tort to the other party for damages from negligence that would be actionable if there were no contract, but not otherwise." Id. at 175.

Here, Boomer sought the costs to repair the structural defect and resulting damage to her home, a claim that arose out of her construction contract with G&S. She did not allege that G&S, Williams, and/or Bond were negligent, nor was evidence of such presented at the hearing. Because Boomer's claim is for breach of contract, the Appellants have made a

prima facie showing that they may not be held personally liable pursuant to our supreme court's opinion in <u>Allen</u>.

## Conclusion

Because Boomer's claim is based in contract, not tort, the Appellants have made a prima facie showing that they are not personally liable for G&S's breach. We reverse.

Reversed.

BRADFORD, J., and BROWN, J., concur.