## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2018, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

James N. Scahill
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Thomas W. Vander Luitgaren
Emily M. Gettum
Van Valer Law Firm, LLP
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carpenter Realtors and Susan Hodges,

*Appellants-Defendants,*

v.

John Watkin and Susan Watkin,

*Appellees-Plaintiffs*

January 31, 2018

Court of Appeals Case No.
41A05-1706-PL-1286

Appeal from the Johnson Superior Court

The Honorable Kevin M. Barton, Judge

Trial Court Cause No.
41D01-1308-PL-103

**Vaidik, Chief Judge.**

# Case Summary

Carpenter Realtors ("Carpenter") and its agent, Susan Hodges, appeal the trial court's judgment holding Carpenter liable to John and Susan Watkin for breach of contract. Finding no error, we affirm.

# Facts and Procedural History

In April 2012, Carpenter, through Hodges, agreed to represent the Watkins in their search for a new home. Hodges had the Watkins sign Carpenter's Agency Policy for Buyers. Among other things, the policy required Carpenter to "advise" the Watkins during closing. Appellants' App. Vol. II p. 14. The Watkins eventually reached an agreement to buy a house in Indianapolis from Roger and Judy French. Hodges prepared a purchase agreement that provided, in part, that "prior to closing" the Watkins would receive a "SURVEYOR LOCATION REPORT" that is "reasonably satisfactory" to them. *Id*. at 16.

The Frenches ordered title insurance through Royal Title, which in turn ordered a surveyor location report. The surveyor did not prepare the report until the day of closing, and the Watkins did not receive a copy until they arrived at closing. The report showed an encroachment onto the vacant lot to the north. When the Watkins noted their concern during closing, the closing agent for Royal Title told them that the report was only approximate, and Roger French said that it was not accurate. Hodges did not look at the report

or offer any response to any of the comments being made about it, and the closing proceeded.

[4] Several months after closing, the lot to the north was sold, and it was determined that there was, in fact, an encroachment. The Watkins eventually spent more than $25,000 remedying the situation.

[5] In August 2013, the Watkins filed two lawsuits: one against Carpenter and Hodges in Johnson County (this case), and one against the Frenches in Marion County. In 2014, the Watkins settled their claims against the Frenches and dismissed the Marion County suit (the terms of the settlement were not entered into evidence and are not included in the record on appeal). The Watkins then filed a motion for summary judgment in the Johnson County case. The trial court granted the motion in part, treating the Watkins' claim against Carpenter and Hodges as one for negligence. In its order, the trial court ruled that (1) the defendants and the Watkins themselves had acted negligently with regard to the encroachment and (2) allocation of fault (including any fault of non-parties, such as the Frenches and Royal Title) and damages would be determined later.

[6] At a bench trial held in July 2016, the Watkins presented their claim as one for breach of contract rather than negligence, without objection from Carpenter and Hodges. *See* Ind. Trial Rule 15(B) (allowing issues to be "tried by express or implied consent of the parties"). The trial court agreed that the Watkins' claim must be treated as such under the Indiana Supreme Court's decision in *Greg Allen Construction Co. v. Allen*, 798 N.E.2d 171 (Ind. 2003), *reh'g denied*. The

court concluded that "[t]he failure of [Carpenter] to render advice" regarding the surveyor location report "is a breach of the contract existing between [Carpenter] and [the Watkins]," Appellants' App. Vol. II p. 37, and it ordered Carpenter to pay $33,314.33 in damages and interest.

[7] Carpenter and Hodges now appeal.

# Discussion and Decision

[8] Carpenter and Hodges contend that the trial court should have treated the Watkins' claim as one for negligence instead of breach of contract and awarded damages accordingly. Carpenter seeks this result because negligence claims, unlike breach-of-contract claims, are subject to allocation of fault pursuant to the Indiana Comparative Fault Act, Ind. Code ch. 34-51-2, and if fault were allocated to the Watkins, the Frenches, and/or the title company, the damages award against Carpenter could be reduced. The relevant facts are undisputed, so the issue of whether the trial court properly treated the Watkins' claim as one for breach of contract is a pure question of law that we review de novo. *Lumbard v. Farmers State Bank*, 812 N.E.2d 196, 200 (Ind. Ct. App. 2004).

[9] Carpenter relies on our decision in *INS Investigations Bureau, Inc. v. Lee*, where we vacated a $2.3 million verdict for breach of contract because the plaintiff's claim "more closely resemble[d] a claim for negligence." 784 N.E.2d 566, 578 (Ind. Ct. App. 2003), *trans. denied*. But the plaintiff in that case had also won a $2.5 million verdict for negligence against the same defendant based on "the

same facts and the same damages," *id*. at 576, and we had to vacate one of the verdicts in order to avoid an obvious double recovery against that defendant. In this case, however, there is no double-recovery issue relating to Carpenter—the Watkins were awarded damages for breach of contract but not for negligence.

[10] In any event, the trial court correctly concluded that our Supreme Court's decision in *Greg Allen Construction Co.* required that the Watkins' claim against Carpenter be treated as one for breach of contract. In that case, homeowners contracted with a construction company to renovate their home. The homeowners alleged that the defendants had performed substandard work, and they brought claims for both breach of contract and negligence. The Court first noted that the "claimed wrong" was the construction company's "failure to satisfy its part of the agreement—a quintessential contract claim." *Greg Allen Constr. Co.*, 798 N.E.2d at 172. The Court then explained that the negligence claim was based solely on the construction company's actions in carrying out its obligations under the contract and that nothing the construction company did "constituted an independent tort if there were no contract." *Id*. at 173. As such, the homeowners "should be remitted to their contract claim," and they "should not be permitted to expand that breach of contract into a tort claim . . . by claiming negligence as the basis of the breach." *Id*. This is so because, "[w]hen the parties have, by contract, arranged their respective risks of loss . . . the tort law should not interfere." *Id*. at 175. The rule ultimately adopted by the Court is that a party to a contract "may be liable in tort to the other party

for damages from negligence that would be actionable if there were no contract, but not otherwise." *Id.*

[11] Here, the Watkins' complaint against Carpenter focused on Carpenter's failure to advise them at closing. *See* Appellants' App. Vol. II p. 71 (alleging that Hodges "failed to indicate the survey presented any problems and did nothing to caution the [Watkins] against proceeding with the closing"). Carpenter's duty to advise the Watkins during closing existed solely by virtue of the contract between the parties. Therefore, under *Greg Allen Construction Co.*, the Watkins were "remitted to their contract claim" and were not "permitted to expand that breach of contract into a tort claim . . . by claiming negligence as the basis of the breach." 798 N.E.2d at 173. Carpenter does not attempt to distinguish this case from *Greg Allen Construction Co.* In fact, despite the trial court's and the Watkins' reliance on it, Carpenter makes no mention of the decision in either its opening brief or its reply brief.

[12] Alternatively, Carpenter contends that treating the Watkins' claim as one for breach of contract resulted in a "double recovery" because no fault could be allocated to the Frenches, with whom the Watkins had already settled in the Marion County case. Appellant's Br. p. 18; *see also Wiese-GMC, Inc. v. Wells*, 626 N.E.2d 595, 597 (Ind. Ct. App. 1993) ("While an aggrieved party must be compensated, he should not be placed in any better position."), *reh'g denied*, *trans. denied*. It may very well be true that the damages the Watkins are paid by Carpenter will overlap, at least to some extent, with the damages they were paid by the Frenches, but there is no **evidence** to support such a finding. Carpenter

did not present any evidence regarding the French settlement beyond the fact that there was a settlement. As such, the trial court did not know the amount of the settlement, let alone the legal basis for that amount, so there was simply no way for it to say whether the Watkins won a "double recovery" in this respect.

[13] Affirmed.

Mathias, J., and Crone, J., concur.